## SMITH v. METROPOLITAN LIFE INS. CO., et al.
### No. 17376.

Court of Appeal of Louisiana. Orleans.

May 20, 1940.

Rehearing Denied June 4, 1940.

Charles J. Mundy, of New Orleans, for appellant.

Joseph Bowab, of New Orleans, for Rosa De Palmer, appellee.

Spencer, Phelps, Dunbar & Marks, of New Orleans, for Metropolitan Life Ins. Co., appellee.

McCALEB, Judge.

On June 15, 1936, the Metropolitan Life Insurance Company issued to a colored man named Willie Harris a policy of industrial life insurance providing for a benefit in the sum of $176 which would be payable at his death to the executor or administrator of his estate.

Willie Harris died in the City of New Orleans on June 28, .1939, under the name of George Gibson. His real·name was Octave Marshall. Shortly after his death, his sister, Rosa DePalmer, caused his succession to be opened in the Civil District Court for the Parish of Orleans and was appointed as administratrix thereof.

At the time of the assured's death, the insurance policy was in the possession of a colored barber named Lawyer Smith, with whom Harris had formerly been associated in business. Smith, asserting that he was the duly designated beneficiary under the policy by virtue of a rider attached thereto which has been destroyed, made claim against the insurance company for the payment of the proceeds. The insurance company refused to recognize his claim and he thereupon brought this suit against it.

In Smith's petition, he alleges that, shortly after the insurance policy was issued, he was named by Harris as beneficiary on a form furnished by the insurance company and that this form was attached to the policy and became a part thereof. He further alleges that he paid all of the premiums falling due on the policy during Harris' life; that, after Harris' death, he surrendered the policy to the company, in accordance with the terms and conditions of the contract, for the purpose of being recognized as the lawful claimant of the proceeds and that, at the time of the surrender, the rider designating him as beneficiary was duly affixed to the policy. He avers that, when the insurance company received the policy, one of its employees detached and removed the rider from it and that, thereafter, in utmost bad faith, it refused to recognize him as beneficiary and denied any liability to him.

In view of the allegations of plaintiff's petition and also because of the fact that the assured had used three different names during his lifetime, the insurance company requested and obtained from the trial court additional delays before filing its answer for the purpose of making an investigation of the facts of the case. In due course, it filed its answer and averred that, after a full investigation, it had ascertained that the man who died under the name of George Gibson was the same man who was insured under the name of Willie Harris. It also alleged that the insured's succession had been opened in the Civil District Court; that his sister, Rosa DePalmer, was the duly qualified administratrix thereof; that claim had been made upon it by Rosa DePalmer; that it was liable on the policy and that, in view of the conflicting claims of Lawyer Smith and Rosa DePalmer, it desired to avail itself of the provisions of Act No. 123 of 1922 and interplead both claimants after depositing the proceeds of insurance in the registry of the court. In accordance with the prayer of the answer of the insurance company, the avails of the insurance were duly deposited in the registry of the court·and the rival claimants were interpleaded in the cause to assert their rights.

Thereafter, Rosa DePalmer appeared and claimed the insurance proceeds on the ground that the policy was payable to her as the duly qualified administratrix of the assured's estate.

After a trial on the merits of the case, the Metropolitan Life Insurance Company was discharged from all obligation and responsibility under the policy and Rosa DePalmer, as administratrix of the assured's succession, was held to be entitled to the proceeds of insurance which had been deposited in the registry of the court. The claim of Lawyer Smith was dismissed at his cost and he has appealed from the adverse decision.

It will be seen from a statement of the case that the issue involved is chiefly one of fact. The policy is payable to the Executor or the Administrator of the assured's estate and Rosa DePalmer has produced adequate proof of the fact that she is the duly qualified administratrix of Harris' succession.

In support of his contention that he is the lawful beneficiary of the policy by virtue of a rider which was attached thereto and fraudulently removed by one of the agents of the insurance company, Lawyer Smith testified, in substance, as follows: That he operates a barber shop on South Rampart Street in the City of New Orleans; that the assured, Willie Harris, worked for him at his barber shop for about eight years; that, while thus employed, Harris took out the insurance policy with the Metropolitan Life Insurance Company; that, when the policy was issued, he (Lawyer Smith) paid the first premium thereon and paid all subsequent premiums which became due and that, when the policy was delivered, it had a rider attached thereto which contained the words "Lawyer Smith, Beneficiary". He further says that he saw Willie Harris sign this rider or designation of beneficiary; that it was executed by the latter in his presence and that a collector of the insurance company (whose name he does not know) was also present at the time. He asserts that, during the life of Willie Harris, the policy remained in his possession; that, after Harris' death, he surrendered it to the insurance company; that an employee in the insurance company's office detached the rider which designated him as beneficiary and that, when the policy was later returned to him, the rider was missing.

To substantiate his testimony, the claimant produced the following witnesses: Noble Smith, Rodney Mickens, Clinton Smith and Julius Christophe.

Noble Smith stated that he is a brother of the claimant; that he saw the policy of insurance many times prior to the death of Willie Harris and that there was a slip pinned thereto naming Lawyer Smith as beneficiary. He further stated that he accompanied Lawyer Smith to the office of the insurance company at the time claim was made upon the policy and that one of the agents in the insurance office tore the slip off the policy and stated "that it wasn't no good".

Rodney Mickens stated that he worked for Lawyer Smith in the barber shop; that he saw the policy and that there was a slip attached thereto reading "Lawyer Smith, Beneficiary".

Clinton Smith testified that he was the shoe-shine boy at Lawyer Smith's barber shop; that he saw the policy; that Lawyer Smith was designated as beneficiary on a slip of paper attached thereto; that, after Harris' death, he was the first one to bring the policy to the office of the insurance company; that, when he brought it there, a tall, heavy set woman in the company's employ detached the slip from the policy and then put it back on; that this woman turned the policy over to a small man who was seated at the desk and that this man took the slip off. He further says that he later accompanied Lawyer Smith and his brother, Noble Smith, to the office of the insurance company but he does not testify as to whether the slip was on the policy at that time or not.

Julius Christophe, one of the barbers working at Lawyer Smith's place of business, testified substantially in accordance with the other witnesses produced by plaintiff. He stated that he saw the insurance policy and that there was a slip attached thereto containing the words "Lawyer Smith, Beneficiary".

■ It is to be noted that the only evidence adduced by Smith to show that Willie Harris designated him as beneficiary is his own statement to the effect that, shortly after the policy was issued, Harris executed the rider, which is supposed to have been attached to the policy, in the presence of himself and of the collector for the insurance company. The collector, who is said to have witnessed the execution of the document, was not produced by Smith and his absence has not been accounted for. Since the insurance company deposited the proceeds in the registry of the court, it was not interested in the outcome of the case and Smith's only adversary was Rosa DePalmer. Under these circumstances, it was incumbent upon Smith to produce the insurance collector to substantiate his testimony. In view of his failure to do so, we are entitled to presume that, if the collector had testified, his statement would have been unfavorable to Smith's case.

In addition to this, the testimony of Smith's witnesses fails to impress us. In an attempted corroboration of his state-

ment, all of them declared in parrot-like fashion that they had seen the slip attached to the policy exhibiting the words "Lawyer Smith, Beneficiary".

The assertion by Lawyer Smith, Clinton Smith and Noble Smith that an employee of the insurance company detached the rider from the policy does not ring true. In the first place, it does not seem probable that an employee of the insurer would, without cause, detach a rider from the policy. The policy contained a facility of payment clause and the insurance company had the right, under that clause, to pay whomsoever it chose notwithstanding the fact that the insured had named a beneficiary. For this reason, it is quite obvious that its agents and employees would be without any motive whatever in destroying the document which Smith maintains was affixed to the contract.

It is also apt to observe that the statement of Clinton Smith partially contradicts the testimony given by Lawyer Smith and his brother, Noble Smith. The latter declared that the slip designating Lawyer Smith as beneficiary was removed at the time they surrendered the policy to the insurance company. On the other hand, Clinton Smith states that the slip was detached on the first occasion when he, himself, took the policy to the insurance company's office.

The trial judge, in dismissing Smith's claim, was apparently of the opinion that the testimony submitted by him was unworthy of belief. A careful scrutiny of Smith's evidence fully sustains the conclusion reached by our brother below.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.